[No. A078258. First Dist., Div. Four. Apr. 9, 1998.]

ANDREW J. BELL, Plaintiff and Appellant, v.
WELLS FARGO BANK, N.A., Defendant and Respondent.

**COUNSEL**

Charles J. Wisch, Linda D. Kilb and Arlene B. Mayerson for Plaintiff and Appellant.

Myron Dean Quon, Jon W. Davidson and Catherine Hanssens as Amici Curiae on behalf of Plaintiff and Appellant.

Carroll, Burdick & McDonough, Angela M. Bradstreet and David M. Rice for Defendant and Respondent.

Paul Grossman as Amicus Curiae.

## OPINION

**POCHÉ, J.**—The issue presented is whether a former employee's action based on the Fair Employment and Housing Act (FEHA) (Gov. Code, § 12940 et seq.) is barred by the doctrine of judicial estoppel because of certain statements the employee made in an application for disability benefits. Finding the answer to be no, we reverse the summary judgment for the employer.

## BACKGROUND

Starting in 1990, plaintiff Andrew J. Bell was employed by defendant Wells Fargo Bank, N.A., as a bank examiner. He was diagnosed with HIV the following year. Plaintiff's physician advised Wells Fargo that his condition necessitated a number of changes in his work conditions and schedule—no travel over significant distances, a forty-hour workweek spread over only four days, and one of those days plaintiff would telecommute from his home. Wells Fargo followed these recommendations. Plaintiff received two promotions and uniformly favorable job evaluations.

This changed in July of 1993 when Wells Fargo informed plaintiff that he would no longer be allowed to have a regular telecommute day; plaintiff would either have to spend that day at the office or go to part-time status. Plaintiff's physician told Wells Fargo that the change would threaten plaintiff's health and would compel plaintiff to "be forced out on disability," an option plaintiff wanted to avoid. When Wells Fargo refused to budge, plaintiff ceased working as a bank auditor and applied for disability benefits.

Plaintiff applied for and received state and federal disability benefits from insurance and Social Security. After exhausting his administrative remedies, plaintiff filed a complaint for damages, backpay, and reinstatement pursuant to FEHA.

Wells Fargo sought summary judgment[1] on the sole ground that "Plaintiff is estopped from claiming disability discrimination in violation of Government Code Section 12940, *et seq.*, because he has admitted that he cannot perform the essential functions of his job" on his disability applications. Wells Fargo argued that plaintiff "is bound by such admissions and is estopped as a matter of law from now asserting an inconsistent position."

---

[1]"Summary judgment" is used here as a shorthand expression for a rather lengthy process. Wells Fargo filed two summary adjudication motions that were granted by the trial court. Because all of plaintiff's causes of action were covered by these summary adjudications, Wells Fargo thereupon successfully moved for entry of a summary judgment.

Because there was no direct California precedent, the parties each sought support in conflicting federal decisions applying the analogous Americans with Disabilities Act of 1990 (ADA) (42 U.S.C. § 12101 et seq.).[2] The trial court agreed with Wells Fargo.[3] Following entry of a summary judgment, plaintiff perfected this timely appeal.

## REVIEW

FEHA makes it an unlawful employment practice for an employer "to fail to make reasonable accommodation for the known physical or mental disability of an . . . employee." (Gov. Code, § 12940, subd. (k).) "Reasonable accommodation" can mean a number of measures, one of which is "[j]ob restructuring." (Cal. Code Regs., tit. 2, § 7293.9, subd. (a)(2).)

Although the parties and amici curiae filing briefs on their behalf devote considerable attention to decisions construing analogous requirements in the ADA (see 42 U.S.C. § 12111(8) & (9); 29 C.F.R. § 1630.2 (o) (1997)), there is no need to examine the apparently conflicting lines of federal authorities construing this and other federal statutory schemes. This is, at bottom, a California state court case based on California statutes, i.e., the FEHA. There was no California precedent at the time the trial court summarily adjudicated the issue. That precedent came into existence shortly after the trial court made its ruling.

*Prilliman* v. *United Air Lines, Inc.* (1997) 53 Cal.App.4th 935 [62 Cal.Rptr.2d 142] addressed the same grounds cited by the trial court here. Prilliman was an airline pilot whose employer grounded him when it learned that he had contracted AIDS. He applied for, and received, Social Security

---

[2]California's FEHA is modeled on the ADA. (See *Cassista* v. *Community Foods, Inc.* (1993) 5 Cal.4th 1050, 1063 [22 Cal.Rptr.2d 287, 856 P.2d 1143].)

[3]The trial court ostensibly granted summary judgment on two grounds, but the order shows there was in reality only one:

"1. Plaintiff cannot question his ability to work at his previous job at Wells Fargo Bank because he has unqualifiedly admitted to previously certifying in his applications for state disability and for long-term disability benefits that he cannot perform the essential functions of his job . . . . [¶] The evidence is also undisputed that Plaintiff stated in applications for disability that he has been disabled since July 12, 1993 when he stopped working. . . . [¶] Thus, Plaintiff's prior representations about his disability establish that in July 1993 when the alleged employer action occurred, he was incapable of performing the essential functions of his regular work with or without reasonable accommodations. This establishes that he was not, and cannot be, a qualified individual under the FEHA. . . .

"2. The Court also finds that the doctrine of judicial estoppel applies to bar Plaintiff from now claiming that he could perform the essential functions of his job with reasonable accommodations since he is bound by his previous representations and admissions on applications for disability benefits that he could not perform the essential functions of his job (with or without reasonable accommodations)."

and disability benefits prior to filing suit under the FEHA. The trial court granted the employer's motion for summary judgment, but the Court of Appeal reversed.

The court began by concluding that the FEHA imposes an affirmative duty upon an employer to offer reasonable accommodations to an employee the employer knows to have a covered disability. (*Prilliman* v. *United Air Lines, Inc.*, *supra*, 53 Cal.App.4th 935, 950-951, 954-955.) The court then noted that the employer's summary judgment motion and supporting papers were insufficient to establish that a reasonable accommodation had been offered. (*Id.* at pp. 953-956.) On the issue of estoppel, the court examined the split of authority in federal decisions under the ADA but concluded the issue was one where state law governed. The court determined that the California law of what is termed "judicial estoppel" will be invoked only in situations where the litigant has taken positions so clearly inconsistent that one necessarily excludes another. (*Id.* at pp. 956-960.) Prilliman's suit was not barred by this principle:

"Respondents have not pointed to any judicial admission in a pleading or to any discovery admission or concession by Prilliman which defeats his causes of action herein. Respondents rely upon the facts that Prilliman was receiving a disability benefit from United and government Social Security benefits, facts which he admitted in his deposition; however, these facts alone do not establish any defense, and in particular a defense based on the inability of Prilliman to perform an alternative job position with United. According to a document dealing with Prilliman's benefits submitted by respondents in support of their summary judgment motion, Prilliman's United disability benefit 'is payable as long as [he] remains permanently grounded and not re-employed by the Company in a flight qualified position until age 60 or for 5 years, whichever is greater.' Thus, the receipt of United disability benefits is based on Prilliman's grounding and lack of reemployment by United in a flight qualified position, matters as to which there is no dispute herein. However, the receipt of such disability benefits does not answer the question as to whether United violated the FEHA by failing to make known to Prilliman other suitable job opportunities within United that do not require medical certification from the FAA.

"The only other evidence pertaining to Prilliman's receipt of disability benefits offered by respondents in support of their summary judgment motion are Prilliman's October 1994 applications for benefits submitted to US Life Agency Services, Inc., and Central States Health & Life Co. of Omaha. Both applications state that Prilliman was medically grounded from employment with United, and the reason for his unemployment was 'medical

disability.' In a portion to be completed by Prilliman's doctor, Dr. Kooshian stated that Prilliman was disabled since August 25, 1994, . . . and that 'Patient has been placed on permanent total disability.' The estimated future disability was listed as 'Permanent.'

"Although it is unclear from our record the purpose for which such applications were submitted, we infer that such applications were submitted so that Prilliman could receive the United disability insurance benefits described above, which are payable as long as Prilliman remains grounded and not reemployed by United. Accordingly, we cannot infer from such applications that Prilliman made any representations inconsistent with his present claims under the FEHA.

"In light of the instant record we therefore conclude that respondents fail to show, as they must under principles of judicial estoppel . . . , that Prilliman's position in this lawsuit is 'clearly inconsistent' with the position taken in applications for disability benefits." (*Prilliman* v. *United Air Lines, Inc., supra*, 53 Cal.App.4th 935, 962-963, fn. & citation omitted.)

■ We agree with *Prilliman* and find its approach persuasive. *Prilliman* establishes that, contrary to the arguments Wells Fargo now advances, the doctrine of judicial estoppel is not an invariable per se death sentence for plaintiff's lawsuit. The doctrine is invoked only after a very high threshold is cleared. Judicial estoppel is applied only against a party that has taken positions or made statements that are "totally inconsistent." (*Jackson* v. *County of Los Angeles* (1997) 60 Cal.App.4th 171, 183 [70 Cal.Rptr.2d 96].)[4] Put another way, the party must have taken positions that are so irreconcilable that, as *Prilliman* put it, " 'one necessarily excludes the other.' " (*Prilliman* v. *United Air Lines, Inc., supra*, 53 Cal.App.4th 935, 960; see *Ng* v. *Hudson* (1977) 75 Cal.App.3d 250, 258 [142 Cal.Rptr. 69] and decisions cited.) Wells Fargo cannot satisfy this rigorous standard.

Wells Fargo's proof is essentially a series of statements made in connection with plaintiff's disability applications, statements to the effect that "sickness" rendered him "disabled" and unable to perform "his regular and customary work."[5] But the meaning of these statements cannot be determined without knowing what plaintiff meant by "regular and customary

---

[4]Based largely on federal authorities, the court in *Jackson* invoked the judicial estoppel doctrine to affirm a summary judgment against a plaintiff who filed a lawsuit based exclusively upon the ADA after receiving a permanent disability award from workers' compensation. We emphasize again that this case, like *Prilliman*, and unlike *Jackson*, involves only California's FEHA and not the ADA.

[5]Wells Fargo also relied on recitals and statements made on the forms supplied to plaintiff, which obviously furnish a much shakier basis for invoking estoppel against plaintiff.

work." For example, was he referring to his job as he knew it before Wells Fargo changed his existing accommodation or was he referring to the job at the time he was completing the benefits application, which is to say, after Wells Fargo had refused to continue the accommodation and after his employment had ended? It seems clear that plaintiff viewed himself as "disabled" and incapable of performing his customary duties solely because Wells Fargo disturbed the status quo. The accommodation in place from 1991 to 1993 not only allowed plaintiff to do his regular work, but to excel at it, to Wells Fargo's complete and repeatedly expressed satisfaction. The positions taken by plaintiff are thus not mutually exclusive; as has been pointed out in the ADA context, "disability determinations take no account of reasonable accommodation." (*Swanks* v. *WMATA* (D.C. Cir. 1997) 116 F.3d 582, 586 [325 App.D.C. 238].)

Wells Fargo produced evidence which will support an inference unfavorable to plaintiff, i.e., on one insurance form plaintiff answered "No" to the question, "If you feel that you are not now capable of working do you feel that you will eventually be able to return to work at your regular or some other occupation?" Plaintiff's evidence, however, was more direct and pertinent to the operative issue. He produced a questionnaire from a disability insurer on which he was asked, "Do you anticipate returning to your previous job or any other occupation in the near future?" He checked the "YES" box. The next question was, "If yes, when and to what position?" Plaintiff answered, "Uncertain; have requested reasonable accommodations." He produced declarations from two treating physicians; each stated that plaintiff could have continued working, but only if the existing accommodations were not disturbed. One of the physicians sent a letter to Wells Fargo six months after plaintiff's departure, informing the bank that plaintiff was recommended to resume working if his accommodations were restored. The evidence of his physicians supports an inference that plaintiff did not consider himself "disabled" and incapable of performing "his regular and customary work" prior to Wells Fargo's abolishing his existing accommodation. Plaintiff's statements are not inherently and totally inconsistent with his litigation position that he could have continued working had his accommodation been left in place. It is possible to reconcile the statements made by plaintiff at different times about the nature and extent of his disability. The statements thus do not necessarily exclude his subsequent litigation posture.

Judicial estoppel is an issue of fact, to be decided according to the particular evidence and circumstances of each case. (See *In re Marriage of*

---

Wells Fargo has never argued that either a request for, or award of, any type of disability or pension benefit calls for a per se application of the judicial estoppel doctrine. It has always taken the position that it is plaintiff's admissions or statements made in connection with obtaining benefits which form the basis for judicial estoppel.

*Dekker* (1993) 17 Cal.App.4th 842, 849 [21 Cal.Rptr.2d 642]; *Coleman* v. *Southern Pacific Co.* (1956) 141 Cal.App.2d 121, 128-129 [296 P.2d 386].) Because the parties produced conflicting evidence showing that the various statements made by plaintiff are not utterly irreconcilable, the issue of judicial estoppel could not be decided as a matter of law.[6] Summary disposition was therefore inappropriate.

The summary judgment is reversed. Plaintiff shall recover his costs of appeal.

Hanlon, P. J., and McGuiness, J., concurred.

On May 5, 1998, the opinion was modified to read as printed above. Respondent's petition for review by the Supreme Court was denied June 24, 1998. Baxter, J., did not participate therein.

---

[6]This conclusion points to the existence of additional triable issues of material fact concerning the accommodation topic. The issue of whether plaintiff was requesting a reasonable accommodation is one of fact. (See *Prilliman* v. *United Air Lines, Inc., supra,* 53 Cal.App.4th 935, 953-954.) A jury could conclude that Wells Fargo's move to abolish plaintiff's telecommute day disturbed a reasonable accommodation. A jury could also conclude that Wells Fargo was merely replacing one accommodation with another that was equally reasonable. The fact that plaintiff refused an offer of part-time employment, a circumstance Wells Fargo deems significant, does not answer the question whether either party's action was reasonable for purposes of the FEHA. (See Cal. Code Regs., tit. 2, § 7293.3, subd. (a) [part-time employment can be reasonable accommodation].)