Kaye SCHNEIDER, Plaintiff–
Appellant,

v.

SAN DIEGO COUNTY; Does
1 Through 50, Inclusive,
Defendants–Appellees,

and

Steve Ralph; Vicki Markey,
Defendants.

No. 00–55705.

D.C. No. CV–97–01892–MJL(JFS).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 18, 2001.

Decided Dec. 7, 2001.

Before BROWNING, FERNANDEZ and FISHER, Circuit Judges.

MEMORANDUM *

A.

In order to preserve her federal claims, Schneider needed to file her complaints such that her state proceedings were terminated within 300 days after the last alleged unlawful act. *See EEOC v. Dinuba Medical Clinic*, 222 F.3d 580, 585 (9th Cir.2000). Schneider's complaints with the California Department of Fair Employment and Housing (DFEH) and the Equal Employment Opportunity Commission (EEOC) were filed on June 30, 1997 and she received a right to sue letter terminating state proceedings on July 1, 1997—over 300 days after the last alleged unlawful act. Accordingly, her claims under the federal statutes may go forward only if equitable tolling is applied.

Schneider argues that her failure to meet the 300 day deadline for completion of state procedures was because: (1) the

* This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as may be provided by Ninth Circuit Rule 36–3.

EEOC advised her over the telephone in February 1997 that the statute of limitations for her claim had already passed; and (2) in March 1997, she took her complaint to an attorney who kept her file for a month and then declined to represent her. Schneider does not cite any authority supporting the proposition that delay by an attorney deciding whether to take a case may support a grant of equitable tolling. As for reliance on mistaken advice, which may justify equitable tolling, *Scholar v. Pacific Bell,* 963 F.2d 264 (9th Cir.1992); *Gates v. Georgia–Pacific Corporation,* 492 F.2d 292 (9th Cir.1974), some specific evidence that such advice was given is required to survive summary judgment. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Schneider failed to provide any specific evidence to corroborate her assertion that she received erroneous advice from the EEOC.

Because Schneider failed to produce sufficient evidence to support equitable tolling, we affirm the district court's dismissal of all of her federal claims. Schneider may proceed only under her state law claims, consistent with the remainder of this disposition.

### B.

■ The district court rejected Schneider's continuing violation theory based on the rule that continuing violations usually cannot extend to periods *after* an employee is terminated. *See Grimes v. City and County of San Francisco,* 951 F.2d 236, 238–39 (9th Cir.1991); *Williams v. Owens–Illinois,* 665 F.2d 918, 924 (9th Cir.1982). The district court based its decision on the mistaken assumption that Schneider was terminated on September 3, 1993, the date she left work. Schneider was not "out of reach" of the Department, *see Williams,* until July 2, 1996, when her right to the first vacancy in the Department ended.

The California Supreme Court recently stated that "an employer's persistent failure to reasonably accommodate a disability, or to eliminate a hostile work environment targeting a disabled employee, is a continuing violation if the employer's actions are (1) sufficiently similar in kind ...; (2) have occurred with reasonable frequency; (3) and have not acquired a degree of permanence." *Richards v. CH2M Hill, Inc.,* 26 Cal.4th 798, 111 Cal. Rptr.2d 87, 29 P.3d 175, 190 (2001).[1]

Whether the July 1996 letter was the culmination of a course of conduct including Schneider's claims of denial of accommodations and related retaliation under the California Fair Employment and Housing Act, Cal. Govt.Code § 12940 *et seq.* (FEHA), is a triable issue of fact. We therefore reverse the district court's dismissal of Schneider's disability related FEHA claims based on untimely filing.

■ The district court, however, properly dismissed Schneider's allegations of age and sex discrimination. Schneider makes no specific allegation of age discrimination other than a 1986 statement made by officer Steppe, one of her supervisors. Similarly, Schneider's claims of sex discrimination and related retaliation were based on allegations from 1992. Schneider does not allege sufficient facts to bring either the age or sex discrimination complaints within a continuing violation theory extending into the statute of limitations period. Thus we affirm the district court's dismiss-

---

1. With regard to the last prong of the test, the court stated that " 'permanence' in the context of an ongoing process of accommodation of disability, or ongoing disability harassment, should properly be understood to mean the following: that an employer's statements and actions make clear to a reasonable employee that any further efforts at informal conciliation to obtain reasonable accommodation or end harassment will be futile." *Id.*

al of Schneider's age and sex related claims under the FEHA.

### C.

We affirm district court's dismissal of all claims against Vicki Markey because "Plaintiff does not ... provide any evidence that Markey played any role in the decision to terminate plaintiff" and the last act affecting Schneider in which Markey participated was the review of the March 14, 1995 letter. Schneider has failed to state a claim against Markey for which she timely filed a complaint.

### D.

The district court further dismissed Schneider's disability related FEHA claims because it found that she failed to carry her burden of proving that she is a person who can perform the essential functions of her job, Cal. Gov't Code § 12940, because she did not explain her application for Social Security Disability Income (SSDI) and disability related retirement benefits. *Cleveland v. Policy Management Systems Corporation*, 526 U.S. 795, 119 S.Ct. 1597, 143 L.Ed.2d 966 (1999). California law of judicial estoppel applies to potential conflicts between statements in disability benefits applications and claims to be a qualified person with a disability under the FEHA. *Bell v. Wells Fargo Bank*, 62 Cal.App.4th 1382, 1385–86, 73 Cal.Rptr.2d 354 (1998). " 'Judicial estoppel' will be invoked only in situations where the litigant has taken positions so clearly inconsistent that one necessarily excludes the other." *Id.; see also Cleveland*, 526 U.S. at 802–07, 119 S.Ct. 1597 (explanation of an application for disability benefits is required only in "some cases" where "an earlier SSDI claim may turn out genuinely to conflict with an ADA claim," "the two claims do not inherently conflict").

Schneider's disability benefits applications are not clearly inconsistent with her litigation position that she could have worked in the supervision position she requested. Applicants for SSDI are not required to state in the form they fill out that they are unable to work in any job. Schneider stated in her SSDI application, and proved to the satisfaction of the ALJ, that she was not able to perform her past relevant work which she defined as "Probation Officer: Investigator." That statement does not conflict with her FEHA disability discrimination case, alleging that she could perform the duties of the supervisor position she was requesting.

Neither does Schneider's application for retirement benefits conflict with her discrimination complaint. There, she stated her "permanent incapacity" was due in part to a "psychiatric disability ... due [to] work factors such as harassment and retaliation from work supervisor." It is possible to reconcile these statements with her discrimination allegation, because her application leaves open the possibility that she would have been able to work absent the harassment and retaliation. Therefore, we reverse the district court's dismissal of Schneider's claims of disability related discrimination under the FEHA.

### CONCLUSION

The district court's judgment dismissing all of Schneider's federal claims as untimely filed is AFFIRMED. The district court's dismissal of Schneider's claims under the FEHA alleging age and sex discrimination is also AFFIRMED. The district court's dismissal of the FEHA claims alleging failure to provide reasonable accommodations and related retaliation is REVERSED, and we REMAND to the district court to consider whether to exercise supplemental jurisdiction over these remaining state claims under 28 U.S.C. § 1367(c)(3). The parties shall bear their own costs.

AFFIRMED IN PART, REVERSED IN PART and REMANDED.

FERNANDEZ, Circuit Judge,
Concurring and Dissenting.

I concur with the majority regarding the statute of limitations bar to Schneider's federal claims. I dissent as to the state claims because it appears with the veriest clarity that those are also barred by the statute of limitations, even if they were otherwise viable.

The longest statute of limitations that could apply here is California's one year statute for Fair Employment and Housing Act claims. *See* Cal. Gov't Code § 12960. Schneider asserts that the county treated her badly, and that resulted in her being placed on leave on December 30, 1993. When that term expired, she was given another one year of leave with the right to return to work. And when that period expired, she was given still another one year of leave, starting March 14, 1995, under which she had no absolute right to return to work, but could obtain an open position upon giving notice. What did she do during that two year period? Nothing at all! She did not call, she did not write, she did not make contact; nothing. As a result, a termination letter finally issued on about July 3, 1996; it is without dispute that the letter issued virtually automatically when her two year period ran out. In fact, the employer actually delayed a few more months. Of course, all that letter terminated was her right to reapply for an opening and to be given preference if there was one. What one would consider her employment in the usual sense had ended much earlier; it ended at least by the time her first one year period ran out and she no longer had a right to return to the position she left.

It is beyond me how Schneider can assert that the ministerial act of issuing the final letter was an act of discrimination. If there was a discriminatory act in the process, it could not have been perpetrated any later than March 15, 1995, when she was sent the letter regarding reapplication rights, which expired by March 15, 1996. Again, Schneider had made no effort to return during that whole time.[1]

As I see it, California would not treat that two year period as some sort of continuing violation of her rights. Any real violation occurred long before. *See Richards v. CH2M Hill, Inc.*, 26 Cal.4th 798, 823–24, 29 P.3d 175, 190, 111 Cal.Rptr.2d 87, 106 (2001). Similarly, at least until today, this court would not have found some sort of continuing violation. *See Knox v. Davis*, 260 F.3d 1009, 1013–14 (9th Cir.2001); *Morgan v. Nat'l R.R. Passenger Corp.*, 232 F.3d 1008, 1014–16 (9th Cir.2000) *cert. granted*, —— U.S. ——, 121 S.Ct. 2547, 150 L.Ed.2d 715 (2001).

Schneider sat mute for two years, while the county patiently waited for her to signal that she was ready, willing and able to come back to work. When the inevitable closure letter issued, she rose up and asserted that it was the final instrument of discriminatory acts against her. I think not.

What else did Schneider do, however? Interestingly, she told the Social Security Administration that she was so disabled since September 3, 1993, that she was actually unable to perform any jobs which exist in significant numbers in the national

---

1. I note that Schneider puts great stress on the fact that before the two year period even began she had indicated that she was ready to return, but a fitness for duty examination was then to have been scheduled, and was not. She suggests (if it were not so serious, one would think with tongue-in-cheek) that that historical incident meant she could sit idly and silently by while all of that time ran out and then claim discrimination. Those sounds of silence are exceedingly hollow.

economy. The Administration bought that, and awarded her benefits for a disability commencing on that date and continuing at least through March 25, 1999. In so doing, the ALJ held, based on the evidence she presented, that she "has the mental residual functional capacity to perform simple repetitive tasks, with limited exposure to the general public, co-workers, and supervisors, but not on a sustained basis." That does not sound like someone who could do the supervisory work of a probation officer, or, for that matter, do probation intake work. One has to wonder just what a person as damaged as she claims to be could do in the stressful, intense world of a probation office. Yet, she says, the county was discriminating against her during that whole time because it had not given her a fitness examination, that she could have returned to work, and that the final discrimination came July of 1996, right in the middle of her social security incapacity.

I recognize that the Supreme Court has said that a person can take seemingly opposing positions that she can do no job in the economy, no matter how undemanding, but is still able to work at what might be a quite demanding job, if she had some sort of reasonable accommodation. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 802–03, 119 S.Ct. 1597, 1601–02, 143 L.Ed.2d 966 (1999). Still and all, "an ADA plaintiff cannot simply ignore the apparent contradiction that arises out of the earlier SSDI total disability claim. Rather, she must proffer a sufficient explanation." *Id.* at 806, 119 S.Ct. at 1603. Has Schneider offered a sufficient explanation? No. She, actually, has offered none at all. She does continue to say that she could return to work, although two years passed without the slightest hint of an attempt to do so, but that is not an explanation, or at least not one that would warrant a reasonable juror to find in her favor. *See id.* at 807, 119 S.Ct. at 1604. I have no doubt that the California courts would so hold on the facts of this case.

At any rate, the evidence in this case demonstrates, almost beyond peradventure, that Schneider did not, and probably could not, attempt to return to the work environment of the probation office, a place where she, surely, would be exposed to at least co-workers and supervisors on a sustained basis. She was unready, unwilling, and unable to work. That, not patient waiting while discrimination went on, is why she did not file sooner. That, not discrimination, is why the final notice issued. The county should not have to face a lawsuit because it finally elided her name from its roles. In fine, the action is barred by the statute of limitations.

Thus, I respectfully dissent.