Filed 12/14/20  Lopez v. Los Angeles County Metropolitan etc. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| JACOB LOPEZ, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> LOS ANGELES COUNTY METROPOLITAN TRANSPORTATION AUTHORITY, <br><br> Defendant and Respondent. | B296598 <br><br> (Los Angeles County Super. Ct. No. BC681280) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Dennis J. Landin, Judge.  Affirmed.

Marchetti Law and Frank E. Marchetti, for Plaintiff and Appellant.

Peterson Bradford Burkwitz, Avi Burkwitz, and Craig G. Marinho; Greines, Martin, Stein & Richland and Alana H. Rotter, for Defendant and Respondent.

# INTRODUCTION

Jacob Lopez, an employee of the Los Angeles County Metropolitan Transportation Authority (the Authority), was on medical leave for a year because of physical injuries. When Lopez was ready to come back to work, the Authority did not allow him to return to his position as a transit security lieutenant because his doctor said Lopez had certain physical restrictions. Lopez sought and obtained disability benefits from the California Public Employees' Retirement System (CalPERS). He also filed a workers' compensation claim against the Authority, which resulted in a settlement.

Lopez then filed this action, alleging the Authority violated provisions of the Fair Employment and Housing Act (FEHA) that prohibit disability discrimination and that require employers to engage in good faith in the interactive process to find reasonable accommodations. The trial court granted the Authority's motion for summary judgment, ruling Lopez could not prevail on either of his two causes of action, in part because he was judicially estopped from asserting he could have performed the duties of his prior position. We affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

A.  *Lopez Seeks To Return to His Position as a Transit Security Lieutenant After a Medical Leave*

Lopez began working for the Authority in 1997 as a transit security officer. The Authority promoted him in 1999 to sergeant and in 2003 to lieutenant, the second highest rank in its security unit. When Lopez began experiencing pain in his lower back, the

Authority gave Lopez an ergonomic keyboard and chair and modified some of his equipment. In February 2014 Lopez went on medical leave and submitted a doctor's note stating he was "to remain totally disabled from work."

In December 2014 Rosalin Chong, the Authority's Medical Standards and Compliance Administrator, sent Lopez a letter stating that his medical leave would expire on February 9, 2015 and that the Authority would terminate his employment if he could not return to work. Chong also told Lopez that, if he had "restrictions or limitations" imposed by his doctor but still wanted to return to his position as a transit security lieutenant, he should contact her so that they would "work to see if the restrictions can be accommodated." Chong stated that the "[i]nformation regarding your return to work should be faxed to my attention no later than January 26, 2015."

On January 13, 2015 Lopez sent the Authority a signed letter from his doctor stating Lopez could "return to regular work" on February 7, 2015, so long as Lopez did not lift over 20 pounds, sit for more than 20 to 30 minutes, or stand for more than 10 minutes. On January 26, 2015 Chong informed Lopez that, in light of his restrictions, he could not return to his position of transit security lieutenant. Chong did not ask Lopez, or otherwise investigate, whether there were any accommodations that would allow him to return to his job. Two days later Emily Matias, the Authority's Human Resources Manager, sent Lopez a letter confirming he had "work restrictions that prevent[ed him] from returning to work as a Transit Security Lieutenant," but stating that she would contact him to "initiate the interactive process and discuss possible job alternatives . . . ."

Matias sent Lopez reports of job vacancies and identified one potential position for which Lopez could apply.  Lopez, however, did not apply for any positions.  Lopez retired from the Authority in March 2015.

B.    *Lopez Files a Workers' Compensation Claim Against the Authority and Obtains Disability Benefits*

Meanwhile, on February 23, 2015 Lopez filed a petition with the Workers' Compensation Appeals Board, claiming he suffered hand, back, and psychological injuries.  On March 26, 2015 Lopez filed an application for disability retirement benefits with CalPERS.  In his application to CalPERS Lopez claimed that he had "cumulative trauma" to his back and hands, anxiety, and depressive symptoms; that he had lifting, sitting, and standing restrictions (the same restrictions his doctor provided to the Authority); and that he was "unable to perform [his] job."

In September 2015 CalPERS approved Lopez's application for disability retirement benefits, finding Lopez was "substantially incapacitated from the performance of [his] usual duties as a Transit Security Lieutenant . . . based upon [his] orthopedic (low back, bilateral hands) condition."  In December 2016 the Workers' Compensation Appeals Board approved a settlement between Lopez and the Authority for $65,000.

C.    *Lopez Files This Action, and the Authority Moves for Summary Judgment*

On October 26, 2017 Lopez filed this action, alleging the Authority did not allow him to return to his position as a transit security lieutenant after his medical absence and terminated his employment, even though he "was able to perform the essential

4

functions of his position . . . with or without reasonable accommodations." Lopez asserted causes of action under FEHA for disability discrimination and failure to engage in the interactive process in good faith.

The Authority filed a motion for summary judgment or, in the alternative, for summary adjudication on each of Lopez's causes of action. With respect to Lopez's cause of action for disability discrimination, the Authority argued Lopez's physical restrictions prevented him from performing the essential functions of a transit security lieutenant, which included using force when necessary to protect the public and making arrests and serving as a first responder in emergency situations. The Authority also argued that, even if Lopez could perform the essential functions of the position, he was judicially estopped from claiming he could do so because, in both his application to CalPERS for disability retirement benefits and his workers' compensation proceeding, he took the position his physical restrictions prevented him from working as a transit security lieutenant. The Authority further contended Lopez did not suffer an adverse employment action under FEHA and that it had a legitimate business reason for not allowing Lopez to return to his position—namely, that Lopez could not perform the duties of a transit security lieutenant without putting himself and the public at risk.

With respect to Lopez's cause of action for failing to engage in the interactive process in good faith, the Authority argued that, because Lopez could not perform the essential functions of a transit security lieutenant and was judicially estopped from claiming otherwise, Lopez could not show there was any reasonable accommodation that would have permitted him to

perform the essential functions of the position. The Authority argued that it satisfied its obligations when it identified vacancies and a potential position matching Lopez's experience and that Lopez unilaterally ended the interactive process by retiring.[1]

In opposition to the motion Lopez submitted a declaration disputing the Authority's characterization of his job. Lopez described his position as "primarily a 'desk job' working in [the Authority's] offices," where he managed other security officers and attended meetings with executive managers and the officers assigned to him. Lopez stated that on the rare occasions he went into the field it was to supervise other officers, and that his role in the field was "investigative, after the fact, and not hands on . . . ." Lopez also stated he complained to Chong and Matias when they informed him he could not return to his position as a transit security lieutenant, but neither Chong nor Matias showed any interest in listening to him or answering his questions.

---

[1] The Authority also argued it was entitled to summary adjudication on Lopez's disability discrimination cause of action because Lopez did not have evidence the Authority's employment decisions were motivated by discriminatory intent, and on Lopez's cause of action for failure to engage in the interactive process in good faith because the Authority adequately accommodated Lopez's alleged disabilities by offering him medical leave. The trial court ruled the Authority failed to show Lopez's causes of action lacked merit on these grounds, and the Authority does not challenge these rulings.

D.    *The Trial Court Grants the Authority's Motion*

The trial court granted the Authority's motion for summary adjudication on both of Lopez's causes of action.  On the cause of action for disability discrimination, the court ruled that the Authority met its burden to show Lopez could not perform the essential functions of a transit security lieutenant in light of his physical restrictions; that the Authority met its burden to show that Lopez, even if he was able to perform the essential functions of his job, was judicially estopped from arguing he could perform them; that the Authority met its burden to show Lopez did not suffer an adverse employment action; that the Authority had a legitimate, nondiscriminatory reason for its decision not to allow Lopez to return to his position; and that Lopez failed to create a triable issue of material fact on these elements.

On Lopez's cause of action for failure to engage in the interactive process in good faith, the trial court ruled that the Authority met its burden to show it adequately engaged in the interactive process by sending Lopez information about vacant positions and that Lopez failed to create any triable issues of material fact.  The court granted the Authority's motion for summary judgment and entered judgment against Lopez.  Lopez timely appealed.

## DISCUSSION

A.    *Standard of Review*

"A motion for summary judgment or summary adjudication is properly granted only when 'all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"

7

(*Husman v. Toyota Motor Credit Corp.* (2017) 12 Cal.App.5th 1168, 1179; see *Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 618.)  A defendant moving for summary adjudication has the initial burden of making a prima facie showing ""'that the cause of action lacks merit because one or more elements of the cause of action cannot be established or there is a complete defense to that cause of action.'""  (*Noe v. Superior Court* (2015) 237 Cal.App.4th 316, 326; see *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 853-854.)  ""'A prima facie showing is one that is sufficient to support the position of the party in question.'""  (*Noe,* at p. 325; see *Aguilar*, at p. 851.)

To show that a cause of action lacks merit "a defendant must present evidence that either 'conclusively negate[s] an element of the plaintiff's cause of action' or 'show[s] that the plaintiff does not possess, and cannot reasonably obtain,' evidence necessary to establish at least one element of [its] cause[s] of action.  [Citation.]  Once the defendant satisfies its initial burden, 'the burden shifts to the plaintiff . . . to show that a triable issue of one or more material facts exists as to the cause of action or a defense thereto.'"  (*Henderson v. Equilon Enterprises, LLC* (2019) 40 Cal.App.5th 1111, 1116; see Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar v. Atlantic Richfield Co.*, *supra*, 25 Cal.4th at pp. 853-854.)  "There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof."  (*Aguilar*, at p. 850.)

"'In reviewing an order granting summary adjudication, "we apply the same standard of review applicable on appeal from a grant of summary judgment."'"  (*Noe v. Superior Court, supra*,

8

237 Cal.App.4th at p. 327; see *Wilson v. County of San Joaquin* (2019) 38 Cal.App.5th 1, 9.)  We review the trial court's ruling de novo (*Samara v. Matar* (2018) 5 Cal.5th 322, 338; *Wilson*, at p. 9), considering "'""all the evidence set forth in the moving and opposing papers except that to which objections were made and sustained."' [Citation.]  We liberally construe the evidence in support of the party opposing summary [adjudication] and resolve doubts concerning the evidence in favor of that party.""'" (*Hampton v. County of San Diego* (2015) 62 Cal.4th 340, 347; see *Hartford Casualty Ins. Co. v. Swift Distribution, Inc.* (2014) 59 Cal.4th 277, 286.)

B.    *The Trial Court Did Not Err in Ruling Lopez Was Judicially Estopped from Asserting a Cause of Action for Disability Discrimination*

The trial court ruled that, because Lopez stated in his disability application with CalPERS and in his Workers' Compensation Appeals Board proceeding that he could not work as a transit security lieutenant, and because Lopez received benefits from CalPERS and settled his workers' compensation claim, he was judicially estopped from contending he could perform the essential functions of the position.  We agree that the Authority met its burden to show Lopez was judicially estopped from asserting he could perform the essential functions of a transit security lieutenant because of the position he took in the CalPERS proceeding and that Lopez failed to raise a triable issue on any element of judicial estoppel.

9

1.     *Applicable Law*

FEHA "'prohibits employers from refusing to hire, discharging, or otherwise discriminating against employees because of their physical disabilities . . . .'" (*Atkins v. City of Los Angeles* (2017) 8 Cal.App.5th 696, 714; see § 12940, subd. (a).)[2] To prevail on a cause of action for disability discrimination under FEHA, the plaintiff must show he or she "(1) suffered from a disability, (2) was otherwise qualified to do his or her job, and (3) was subjected to adverse employment action because of the disability." (*Nealy v. City of Santa Monica* (2015) 234 Cal.App.4th 359, 378; see *Furtado v. State Personnel Bd.* (2013) 212 Cal.App.4th 729, 744.)[3] A plaintiff is qualified to do his or her job if "he or she can perform the essential functions of the job with or without reasonable accommodation." (*Green v. State of California* (2007) 42 Cal.4th 254, 260; accord, *Furtado*, at p. 744; see *Nadaf-Rahrov v. Neiman Marcus Group, Inc.* (2008) 166 Cal.App.4th 952, 962 ["an employee bears the burden of showing . . . he or she could perform the essential functions of the job with or without accommodation"].)

"'"'Judicial estoppel precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position. [Citations.]'". . . The doctrine [most appropriately] applies when: "(1) the same party has taken two positions; (2) the positions were taken in

---

[2]     Undesignated statutory references are to the Government Code.

[3]     A physical disability under FEHA "includes a perception that the person has" a physical disability "or that the person is associated with a person who has, or is perceived to have," a physical disability. (§ 12926, subd. (o).)

10

judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake.'"" (*MW Erectors, Inc. v. Niederhauser Ornamental & Metal Works Co., Inc.* (2005) 36 Cal.4th 412, 422; accord, *Minish v. Hanuman Fellowship* (2013) 214 Cal.App.4th 437, 449.) "[J]udicial estoppel *is an equitable doctrine,* and its application, even where all necessary elements are present, is discretionary." (*MW Erectors, Inc.*, at p. 422.)

"A court may grant summary judgment based on judicial estoppel 'where none of the facts material to the court's decision to apply judicial estoppel [is] disputed.'" (*Minish v. Hanuman Fellowship*, *supra*, 214 Cal.App.4th at pp. 449-450; see *Levin v. Ligon* (2006) 140 Cal.App.4th 1456, 1467; *Drain v. Betz Laboratories, Inc.* (1999) 69 Cal.App.4th 950, 958.) "[W]e review de novo the trial court's decision . . . and we apply the same standards of law as the trial court in determining whether the defendant has met its burden of establishing that there are no triable issues on the application of judicial estoppel." (*Kelsey v. Waste Management of Alameda County* (1999) 76 Cal.App.4th 590, 597-598.) "Whether the doctrine should be applied even if the necessary elements are satisfied is a matter within the discretion of the trial court, which we review under the abuse of discretion standard." (*Owens v. County of Los Angeles* (2013) 220 Cal.App.4th 107, 121; see *Victrola 89, LLC v. Jaman Properties 8 LLC* (2020) 46 Cal.App.5th 337, 357-358 ["'[e]ven if the necessary elements of judicial estoppel are satisfied, the trial court still has discretion to not apply the doctrine'"].)

11

2.     *Lopez Took a Position in His CalPERS Proceeding Totally Inconsistent with His Cause of Action for Disability Discrimination*

Two position are "totally inconsistent" if the positions "are so irreconcilable that . . . '"one necessarily excludes the other."'" (*Bell v. Wells Fargo Bank* (1998) 62 Cal.App.4th 1382, 1387; see *Prillman v. United Air Lines, Inc.* (1997) 53 Cal.App.4th 935, 960.) To prevail on his cause of action for disability discrimination in this action, Lopez had to prove he could "perform the essential functions" of a transit security lieutenant "with or without reasonable accommodation." (*Green v. State of California*, *supra*, 42 Cal.4th at p. 260.) In his application to CalPERS for disability retirement benefits, however, Lopez stated that he had lifting, sitting, and standing restrictions as a result of trauma to his back and hands and that, "[d]ue to" these limitations, he was "unable to perform [his] job" as a transit security lieutenant. Lopez submitted a physician's report in support of his application stating that, because of Lopez's "decreased physical ability," he was "substantially incapacitated from the performance of the usual duties" of a transit security lieutenant.

The statements by Lopez and his physician were unequivocal. Lopez did not attempt to qualify his position by, for instance, stating he could have performed the job had the Authority offered reasonable accommodations. (Cf. *Bell v. Wells Fargo Bank*, *supra*, 62 Cal.App.4th at pp. 1384, 1387-1388 [employee who claimed in his disability application that his medical condition "rendered him 'disabled' and unable to perform 'his regular and customary work'" was not judicially estopped from bringing a discrimination cause of action under FEHA

12

where the employer had previously accommodated the employee by permitting him to telecommute, and it was not clear whether the employee in his disability application meant he could not perform his work without his previous accommodation].)  Instead, Lopez took the unqualified position in the CalPERS proceeding that he could not perform the usual and customary duties of a transit security lieutenant.  This evidence satisfied the Authority's initial burden to show that Lopez's position in his CalPERS proceeding was totally inconsistent with, and precluded him from asserting, his cause of action for disability discrimination in this action.  (See *Drain v. Betz Laboratories, Inc.*, *supra*, 69 Cal.App.4th at p. 958 [plaintiff's assertion his employer should have offered him an accommodation of light-duty work was totally inconsistent with his assertion in his claim for disability benefits that "he was disabled from performing all of his duties" and with his "physician's report[,] which found him disabled from 'any occupation'"]; *Jackson v. County of Los Angeles* (1997) 60 Cal.App.4th 171, 189-190 [plaintiff's assertion he could perform the essential functions of the position, which "involve[d] stress," was totally inconsistent with his stipulation in his workers' compensation proceeding that he could only work in an environment "free from emotional stress"].)

Because the Authority met its initial burden, the burden shifted to Lopez to submit admissible evidence showing the position he took in his CalPERS proceeding was not totally inconsistent with his disability discrimination cause of action in this action.  Lopez stated in his declaration that in January 2015, when he asked to return to his prior position as a transit security lieutenant, he had no physical restrictions that would prevent him from performing the essential functions of his position.  But

13

Lopez argues that, because the Authority did not allow him to return, his "mental and emotional condition deteriorated . . . to the point that," when he submitted his application to CalPERS for benefits in late March 2015, he became "disabled again, this time due solely to his psychological state rather than his physical injuries."

But that is not the position Lopez took in his CalPERS proceeding. Lopez stated in his application he had anxiety and depressive symptoms, but he did not state he could not perform his job "solely" because of these symptoms. To the contrary, he stated he could not perform his job because of the lifting, sitting, and standing restrictions caused by physical injuries. Similarly, Lopez's physician's report mentioned that Lopez was depressed and could not tolerate stressful work environments, but concluded that, in addition to these psychological issues, Lopez remained substantially incapacitated because of "decreased physical ability" due to pain caused by trauma to his lumbar spine. And there is no evidence Lopez ever attempted to retract his statement that it was his physical restrictions, not his mental health symptoms, that prevented him from returning to work.

Lopez's only other argument on this point in his opening brief is that the trial court erred in overruling his authentication objection to the declaration of counsel for the Authority, which attached as exhibits the record of Lopez's CalPERS proceeding, including Lopez's application, the physician's report, and the Board's award. CalPERS, however, produced the records in response to a subpoena, and the Authority submitted the declaration from the CalPERS custodian of records authenticating the documents in response to the subpoena. Lopez's argument, made for the first time in his reply brief, that

14

the custodian's declaration did not properly authenticate the documents, is forfeited. (See *Golden Door Properties, LLC v. County of San Diego* (2020) 50 Cal.App.5th 467, 554-555 ["'[e]ven when our review on appeal "is de novo, it is limited to issues which have been adequately raised and supported in [the appellant's opening] brief,"'" and "'"[i]ssues not raised in an appellant's brief are deemed waived or abandoned"'"]; *State Water Resources Control Bd. Cases* (2006) 136 Cal.App.4th 674, 836 [same].) In addition, Lopez admitted in his deposition that he submitted an application to CalPERS for disability benefits on the same date that appears on the application produced by CalPERS, indicating the application was in fact the application Lopez submitted. (See *Jazayeri v. Mao* (2009) 174 Cal.App.4th 301, 321 ["a document is authenticated when sufficient evidence has been produced to sustain a finding that the document is what it purports to be," and "[a]s long as the evidence would support a finding of authenticity, the writing is admissible"]; see also Evid. Code, § 1400, subd. (a).)[4]

Lopez does not argue the Authority failed to satisfy the other elements of judicial estoppel. (See *Case v. State Farm Mutual Automobile Ins. Co., Inc.* (2018) 30 Cal.App.5th 397, 401 ["Although we independently assess the grant of summary judgment, our review is governed by a fundamental principle of

---

[4] Lopez also argues for the first time in his reply brief that the trial court should have sustained his objection to the CalPERS records on hearsay grounds. Again, Lopez forfeited this argument by failing to raise it in his opening brief. In addition, the CalPERS records are not hearsay: The Authority offered them, not for the truth of the matters asserted in those records, but to show the positions Lopez took in the proceeding and the basis for the action by CalPERS's Board.

15

appellate procedure, namely, that "'[a] judgment or order of the lower court is presumed correct,'" and thus, "'error must be affirmatively shown.'""]; *Orange County Water Dist. v. Sabic Innovative Plastics US, LLC* (2017) 14 Cal.App.5th 343, 368 ["'Though summary judgment review is de novo, review is limited to issues adequately raised and supported in the appellant's brief.'"].)  Nor does he contend that, even if the Authority established each element of judicial estoppel, the trial court abused its discretion by applying the doctrine under the circumstances.  (See *Owens v. County of Los Angeles*, *supra*, 220 Cal.App.4th at p. 121 [whether the doctrine should be applied even if the necessary elements are satisfied is reviewed for abuse of discretion].)

C.    *The Trial Court Did Not Err in Granting the Authority's Motion for Summary Adjudication on Lopez's Cause of Action for Failure To Engage in the Interactive Process in Good Faith*

FEHA requires an employer to "engage in a timely, good faith, interactive process with [an] employee . . . to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee . . . with a known physical or mental disability or known medical condition." (§ 12940, subd. (n).)  "'"The 'interactive process' required by the FEHA is an informal process . . . to attempt to identify a reasonable accommodation that will enable the employee to perform the job effectively.'"'  (*Soria v. Univision Radio Los Angeles, Inc.* (2016) 5 Cal.App.5th 570, 600; see *Scotch v. Art Institute of California* (2009) 173 Cal.App.4th 986, 1013.)  "'Each party must participate in good faith, undertake reasonable efforts

16

to communicate its concerns, and make available to the other information which is available, or more accessible, to one party.'" (*Scotch*, at p. 1014; see *Gelfo v. Lockheed Martin Corp.* (2006) 140 Cal.App.4th 34, 62, fn. 22.)

In the trial court the Authority argued that it engaged in the interactive process in good faith by sending Lopez information about job vacancies and identifying one position for which Lopez could apply, but that Lopez retired before applying for any job.  Lopez argued the Authority failed to engage in the interactive process in good faith because it concluded Lopez could not work as a transit security lieutenant before it considered whether there were any accommodations that would have enabled Lopez to return to his position.  The trial court ruled Lopez could not prevail on this cause of action because there were no accommodations that would have enabled Lopez to perform the essential functions of a transit security lieutenant.

The trial court did not err.  Several courts have held that, to prevail on a cause of action for failure to engage in good faith in the interactive process, the plaintiff must identify a reasonable accommodation that was available at the time the interactive process (should have) occurred and that the defendant employer could have offered.  (See, e.g., *Nealy v. City of Santa Monica*, *supra*, 234 Cal.App.4th at p. 379; *Scotch v. Art Institute of California*, *supra*, 173 Cal.App.4th at p. 1018; *Nadaf-Rahrov v. Neiman Marcus Group, Inc.*, *supra*, 166 Cal.App.4th at p. 984; but see *Wysinger v. Automobile Club of Southern California* (2007) 157 Cal.App.4th 413, 424 ["Failure to engage in this process is a separate FEHA violation independent from an employer's failure to provide a reasonable disability accommodation, which is also a FEHA violation."]; *Claudio v.*

17

*Regents of the University of California* (2005) 134 Cal.App.4th 224, 248 [because "we conclude a triable issue exists concerning failure by the [employer] to participate in the interactive process, the judgment cannot be affirmed on the ground that no alternate jobs were available"].) Lopez does not dispute he must prove this element to prevail on his claim.[5]

Lopez never argued he needed an accommodation, reasonable or otherwise, to return to his position as a transit security lieutenant. Indeed, in opposition to the Authority's motion for summary judgment, Lopez asserted he could perform the essential functions of his position despite his physical limitations and without any accommodations. Nor did Lopez identify, or argue the Authority during the interactive process should have offered him, an alternative position. (See Cal. Code Regs., tit. 2, § 11068, subd. (d)(1)(A) [employer may offer "[r]eassignment to a vacant position" in lieu of other accommodations "if the employee can no longer perform the essential functions of his or her own position even with accommodation"].)

Lopez argues that, if necessary, the Authority could have assigned other employees to perform what he characterized as the marginal functions of a transit security lieutenant, such as "[r]esponding to emergency physical situations in the field" and serving as the sergeant-at-arms at Authority board meetings. Lopez, however, cannot claim these accommodations would have

---

[5]     Because Lopez does not dispute that, to prevail on his cause of action for failure to engage in the interactive process, he had to identify a reasonable accommodation, we do not address whether and under what circumstances a plaintiff may prevail on such a cause of action without identifying an available accommodation.

18

enabled him to return to his position because, even if the Authority could have reassigned some of the functions of his prior position, he is still judicially estopped from asserting he could perform the other, essential functions of the job. (See *Nadaf-Rahrov v. Neiman Marcus Group, Inc.*, *supra*, 166 Cal.App.4th at p. 983 [to prevail on a cause of action for failure to engage in the interactive process, "the availability of a reasonable accommodation (i.e., a modification or adjustment to the workplace that enables an employee to perform the essential functions of the position held or desired) is necessary"].) Because, as discussed, Lopez successfully asserted in his CalPERS proceeding that he could not perform his job, he cannot contend in this action that an accommodation would have enabled him to continue working as a transit security lieutenant.[6]

---

[6] Lopez argues, for the first time on appeal, that the Authority failed to adequately engage in the interactive process because it did not "gather[ ] the information" from Lopez necessary to determine whether any alternative positions were available for him. Although Lopez is not necessarily judicially estopped from asserting he could have performed a different job, Lopez forfeited this argument by failing to raise it in the trial court. (See *Johnson v. Greenelsh* (2009) 47 Cal.4th 598, 603; *Colyear v. Rolling Hills Community Assn. of Rancho Palos Verdes* (2017) 9 Cal.App.5th 119, 137, fn. 5.)

## DISPOSITION

The judgment is affirmed.  The Authority is to recover its costs on appeal.


SEGAL, J.


We concur:


PERLUSS, P. J.


DILLON, J.*

---

*        Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.